IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DAVID A. NICHOLS | ) | |
| CAROL J. NICHOLS | ) | |
| | ) | CASE NO. 05-75395 |
| DEBTORS. | ) | |

_____

## MEMORANDUM DECISION

PROCEDURAL CASE HISTORY

The Debtors, David and Carol Nichols, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005. Charlie R. Jessee, Esquire was appointed as the Chapter 7 Trustee. On April 11, 2006, the Debtors filed a motion to convert their case to Chapter 13. On April 11, 2006, an order granting the motion to convert was entered, which relieved Mr. Jessee as the chapter 7 Trustee in favor of Jo S. Widener, Esquire, the chapter 13 Trustee. On April 14, 2006, Mr. Jessee filed an application to employ LeClair Ryan Flippin Densmore as attorney for the Trustee.[1] On April 17, 2006, the Chapter 7 Trustee, by counsel, filed an Objection to the Debtors' motion to convert asking that the order granting the conversion be rescinded or that the case be re-converted to a case under chapter 7. The Trustee asserts that he informed the Debtors' counsel of his belief that there was substantial equity in the real property owned by the Debtors and of his intention to sell the property for the

---

[1] On May 1, 2006, the Trustee filed an Amended Application to employ counsel, setting such matter for hearing on May 10, 2006. On that date, the matter, with the Trustee's express consent, was continued to June 7, 2006, and was again continued to August 16, 2006 and again to October 4, 2006.

-1-

benefit of creditors, after which the Debtors filed their motion to convert. The Trustee also asserts that the Debtors sought conversion in bad faith and that the Debtors were not eligible to be chapter 13 debtors. The Trustee further asserts that the Debtors' schedules were inaccurate and did not disclose the true ownership and value of the Debtors' assets. On May 18, 2006, the Trustee, by counsel, filed a Motion for Allowance of Administrative Expense, which was noticed for hearing on June 7, 2006. This matter was continued until August 16, 2006, at which time the motion was approved. An Order granting the Trustee's administrative expense claim in the amount of $674.92 was entered on August 18, 2006.

On August 22, 2006, counsel for the Chapter 7 Trustee filed a memorandum in support of the Trustee's application for appointment of attorney. The Trustee asserts that he has standing to object to the motion to convert, to seek reconsideration of the conversion order and to seek the appointment of counsel to represent him under the Bankruptcy Rules and on the ground of lack of due process. The Trustee asserts that he has standing under Rule 59 of the Federal Rules of Civil Procedure, made applicable to this case by Federal Rule of Bankruptcy Procedure 9023, notwithstanding 11 U.S.C. § 348. The Trustee asserts that if he was a party to the proceedings leading to the conversion order, then the plain language of Rule 59 gives the trustee the ability to seek the reconsideration of that order. The Trustee further asserts that the local practice and Local Rules of the Western District of Virginia do not comply with the requirements of Federal Rule of Bankruptcy Procedure 9013 and 2002(a) which require notice of a motion to convert to the trustee. If notice of this motion to convert had been given and the Trustee had been given an opportunity to object, the conversion order would not have been entered, the hearing on the objection and the application to employ would have been held before

entry of the conversion order and the issue of the Trustee's standing would not be at issue. The Trustee asserts that the effect of this lack of due process is that the conversion order is void and without preclusive effect as to the Trustee. If the conversion order is without effect as to the Trustee, then § 348(e) has not terminated the services of the Trustee and the Trustee retains standing to object to the motion to convert and to obtain the appointment of counsel to represent him.

By letter dated September 12, 2006, Ms. Widener, the Chapter 13 Trustee, advised the court that she would not submit a brief in this matter, but would rely on the Court's ruling in the *Evans*[2] case. Counsel for the Debtors orally informed the Court that he would not be filing a brief in this matter. On September 14, 2006, by letter to John R. Byrnes, Esquire, the Court inquired of the United States Trustee as to whether he wanted to be heard regarding this matter. The United States Trustee appeared at the hearing held on this matter on October 4, 2006. On October 13, 2006, the United States Trustee filed an objection to the Trustee's application asserting that the Trustee's right to employ professionals compensated by the estate ended at the time the case was converted. The United States Trustee asserts that Mr. Jessee had other options for insuring that his concerns about the Debtors' conduct were addressed: he could have appeared personally and could have reported the misconduct to the United States Trustee, who had standing and could appear without cost to the estate. Therefore, the United States Trustee requests that the application be denied. On October 23, 2006, counsel for the Debtors filed a response to the United States Trustee's Objection asserting that errors were made in compiling information in the Debtors' original petition and schedules. As the errors became

---

[2] *In re Evans*, 344 B.R. 440 (Bankr. W.D. Va. 2004).

apparent, amended schedules were filed. Counsel states that at no time was there any intent to withhold or misrepresent information. Counsel further states that the withdrawal of objections and the agreement to have the proposed Chapter 13 plan approved is reflective of an understanding of both the chapter 7 and chapter 13 Trustees that all applicable tests and requirements for the protection of creditors were satisfied. Therefore, counsel for the Debtors requests that the application for appointment of counsel be denied.

At the hearing on the matter on October 4, 2006, the Chapter 7 Trustee agreed to withdraw both his objection to the motion to convert and his motion to either vacate the conversion order or re-convert. However, the Chapter 7 Trustee continues to assert his right to retain counsel to be compensated from the bankruptcy estate. The Chapter 7 Trustee, the Chapter 13 Trustee and counsel for the Debtors were unable to reach an agreement upon the amount of compensation to be paid from the chapter 13 bankruptcy estate to the Chapter 7 Trustee's counsel as an administrative expense of the case.

The remaining issue before the Court in this case is the Chapter 7 Trustee's asserted right to obtain counsel after an order converting the case to chapter 13 has been entered and subsequent to such Trustee's withdrawal of his motion to vacate the conversion order, or in the alternative, to reconvert the case to chapter 7. The matter was taken under advisement and is now ready for decision.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the

District Court on July 24, 1984. Consideration of applications to retain professionals on behalf of the bankruptcy estate is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A). Because this case was filed in this Court prior to October 17, 2005, it is controlled by the provisions of the Bankruptcy Code in effect before the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).

        The current procedural posture of this case has removed some weighty and difficult questions which it previously presented. Those questions related to whether a bankruptcy debtor has an "absolute" one time right of conversion of a case originally filed under chapter 7 to chapter 13 or such "right" is actually subject to a condition of good faith on the part of the converting debtor, and the standing of the former chapter 7 trustee to contest the conversion of the case to chapter 13 and seek its re-conversion to chapter 7. These questions have been dealt with previously by this Court in *In re Evans,* 344 B.R. 440 (W.D. Va. 2004). The first question concerning the nature of the debtor's right to convert a previously unconverted chapter 7 case to chapter 13 is presently before the Supreme Court of the United States in the case of *Marrama v. Citizens Bank of Mass. (In re Marrama),* 430 F.3d 474 (1st Cir. 2005), *cert. granted*, 126 S.Ct. 2859, 165 L.Ed.2d 894 (2006). While this Court believes that it decided *Evans* correctly in light of the Fourth Circuit Court of Appeals decision in the case of *In re Finney*, 992 F.2d 43 (4th Cir. 1993) dealing with a similar issue of a conversion of a chapter 7 case to chapter 11, the chapter 7 trustee's consent to the chapter 13 trustee's recommendation of confirmation of the chapter 13 plan before the Court relieves it of the necessity of returning to those questions.

        Counsel for the chapter 7 Trustee, however, raises some questions not addressed

in *Evans* and which need to be considered to determine the appropriateness of the application for employment of counsel for the chapter 7 Trustee now before the Court. While counsel for the chapter 7 Trustee, counsel for the Debtors, and the chapter 13 Trustee advised the Court at the confirmation hearing on October 4, 2006 that they believed they would be able to agree on a compromise of the question of compensation for the chapter 7 Trustee's counsel, Mr. Callahan, counsel for such Trustee, has since advised the Court that ultimately they were unable to reach agreement on such matter.

At the time the chapter 7 Trustee in this case sought the employment of counsel, the Court had already entered an order converting it to chapter 13. The Bankruptcy Code expressly provides that "[c]onversion of a case under section 706 . . . of this title terminates the service of any trustee . . . that is serving in the case before such conversion." 11 U.S.C. § 348(e). The Trustee argues, however, that the conversion order was entered without any notice to him or other parties in interest or any opportunity to object and be heard. Indeed it has been the procedural policy of this Court to enter a conversion order without notice or a hearing when a chapter 7 debtor in a case not previously converted to chapter 7 exercises his right of conversion pursuant to 11 U.S.C. § 706(a).[3] Such right of conversion, however, is subject to the prohibition against converting a case from chapter 7 to a case under any other chapter "unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). Counsel for the chapter 7 Trustee further asserts that this Court's established procedural policy is at odds with the express provisions of Bankruptcy Rule 2002(a), which provides that

---

[3] "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable."

-6-

> . . . the clerk, or such other person as the court may direct, shall give the
> debtor, the trustee, all creditors and indenture trustees at least 20 days'
> notice by mail of:. . .
>> (4) in a chapter 7 liquidation, . . . the hearing on the dismissal of
>> the case or the conversion of a case to another chapter, unless the
>> hearing is under § 707(a)(3) or § 707(b) or is on dismissal of the
>> case for failure to pay the filing fee.

Federal Rule of Bankruptcy Procedure 2002(a). The chapter 7 Trustee originally asserted in his motion that the Debtors were ineligible to proceed in chapter 13. Thereafter, however, counsel for the Trustee who appeared on his behalf during the pendency of the application to employ him expressly consented to the Trustee's motion being carried over on three occasions to subsequent hearing dates. Finally, the Trustee consented to withdraw his motion and opposition to confirmation of the chapter 13 plan offered by the Debtors. Such actions can only be interpreted as an acknowledgment that the Debtors did meet the eligibility standards set by 11 U.S.C. § 109(e) to permit them to proceed under that chapter. The Court concludes that in adherence to the presumed correctness of its prior decision in *Evans* and unless and until it is instructed differently by a higher court, the only valid objection which might be interposed to a bankruptcy debtor's exercise of his one time right of conversion from chapter 7 to chapter 13 pursuant to 11 U.S.C. § 706(a) is the debtor's ineligibility under § 109(e). Although there is a split of authority,[4] as in most other issues in bankruptcy, on the question of whether a hearing must be held or an opportunity for a hearing be given upon a debtor's exercise of the conversion right accorded to him pursuant to § 706(a), this Court will adopt the rationale of *In re Carrow,* 315

---

[4] See *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 222 B.R. 297, 301 (E.D. Tex. 1998)(Bankruptcy Court correctly held that 20 days notice only required when Bankruptcy Court so directs), *rev'd on other grounds*, 199 F.3d 233 (5th Cir. 2000)(Conversion from chapter 7 to chapter 13 was inappropriate because the debtor was ineligible for Chapter 13 relief); 2 Keith M. Lundin, Chapter 13 Bankruptcy, 3d Ed. § 324.1 (2000 & Supp. 2004).

B.R. 8, 20 (Bankr. N.D. N.Y. 2004), holding that notice and an opportunity for such a hearing under the Bankruptcy Rules must be held pursuant to Bankruptcy Rule 2002(a)(4) on the issue of the debtors's chapter 13 eligibility. Such a procedural policy is the only one which reconciles the right of an eligible chapter 7 debtor to exercise his right of conversion to chapter 13 without undue delay or hindrance with the promise made by Bankruptcy Rule 2002(a)(4) that the trustee and creditors will receive twenty days notice of "the hearing on . . . the conversion of a case to another chapter". While the Court concludes that the challenge made by the chapter 7 Trustee to the Court's established procedural policy in this situation is well founded, it further concludes that such Trustee's ultimate action in implicitly conceding the Debtors' actual eligibility to proceed under chapter 13, praiseworthy though such decision may be, renders moot the actual procedure followed in this case, which was a conversion not preceded by any notice or opportunity to object. The Court sustains the objections filed by the United States Trustee and the chapter 13 Trustee to the application to approve the employment of counsel for the chapter 7 Trustee. In doing so, the Court is not in the least unmindful of the value provided to the administration of this case by the laudable diligence of the chapter 7 Trustee and his counsel, but concludes that the express provisions of the Bankruptcy Code compel the decision here made. Upon these reasons, the Court will by separate order deny the chapter 7 Trustee's application to employ counsel for services relating to the disputed conversion of this case from chapter 7 to chapter 13.

The Court accepts the confirmation recommendation of the chapter 13 Trustee in this case and the chapter 13 Trustee is directed to submit an appropriate confirmation order.

This 6th day of November, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE